STATE v. CHARLES LEONARD JOHNSON.

(Filed 23 May 1962.)

**Criminal Law § 72;   Husband and Wife § 21—**

In this prosecution of a husband for abandonment and wilful refusal to provide support, testimony of a wife that she advised her husband by telephone that the children did not have food and that she was without funds to purchase food, and that in reply the husband stated that she would have to go to court to see what she could do and that he was through, *is held* competent as an admission by defendant.

APPEAL by defendant from *Bickett, J.,* December 1961 Criminal Term, DURHAM Superior Court.

The defendant was tried and convicted in the Recorder's Court of Durham County upon a two-count warrant charging abandonment and wilful failure to provide adequate suport (1) for his wife, Callie Dean Johnson, and (2) for his three children, naming them, ages 3, 2, and 1. From the judgment imposed, he appealed to the superior court. From a verdict of guilty by the jury after a trial *de novo,* the court imposed road sentences of 18 months on each count, to run concurrently. However, the court suspended the execution of the sentences for five years on condition the defendant pay into court each week the sum of $10.00 for the wife and $20.00 for the children. The defendant appealed.

*T. W. Bruton, Attorney General, G. A. Jones, Jr., Asst. Attorney General for the State.*
*Blackwell M. Brogden for defendant appellant.*

PER CURIAM. The State's evidence tended to show the defendant and his wife had separated a number of times during which the defendant's parents made contributions to the support of the wife and children. Over objection, the wife testified: "I called him (defendant) up on Friday after he had been gone a week and told him the children didn't have any milk and I didn't have any money to buy any with and he said, 'Well you will have to go to court and see what you can get . . . I am through.' . . . He had not provided any support since that time."

The evidence was clearly competent as an admission of the defendant and, with the other evidence, made out a case for the jury. The defendant did not offer testimony. His complaint that the charge was overbalanced in favor of the State and the other objections are without merit.

No error.